66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James LINDER, Defendant-Appellant.
 No. 95-5229.
 United States Court of Appeals, Fourth Circuit.
 Sept. 15, 1995.
 
 Ferris Ridgely Bond, Bond, Conte & Norman, Washington, DC, for appellant.
 Helen F. Fahey, U.S. Atty., Jay N. Lerner, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 Before WIDENER, HALL and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Linder appeals from the district court's order affirming a magistrate judge's order entered upon a jury's verdict finding Linder guilty of driving while intoxicated and driving under the influence of alcohol, 18 U.S.C. Sec. 13(b)(1) (1988) (assimilating Va.Code Ann. Secs. 18.2-266(i), 18.2-266(ii) (Michie Supp.1995)). We have reviewed the record and counsel's briefs, and finding no reversible error, affirm the judgment of conviction.
 
 
 2
 Linder was stopped by military police while driving at the Fort Myer Army Base in Virginia. Linder smelled of alcohol, his eyes were bloodshot, and his speech was slow. Linder subsequently performed unsatisfactorily on three field sobriety tests. Linder was placed under arrest and brought to the Provost Marshal's Office. Nearly three hours after the initial stop, Linder submitted to a breath test which registered Linder's blood alcohol content at 0.13%.
 
 
 3
 Linder claimed that shortly after his arrest, he had made a telephone call to his brother-in-law from the Provost Marshal's Office. Linder claims that this telephone conversation was tape recorded by the Government, and that it would show that Linder was not slurring his speech and was therefore exculpatory. Linder requested this tape six months after his arrest. The Government was unable to locate the tape, and to this day is not certain the conversation was ever tape recorded.
 
 
 4
 Linder's sole argument on appeal is that the magistrate judge committed reversible error when it refused to give a "missing evidence" instruction to the jury or impose sanctions on the Government for failing to disclose this tape recording.
 
 
 5
 We reject this argument because even assuming the tape recording existed, Linder failed to establish, in light of the overwhelming evidence of his guilt, a reasonable probability that the tape recording would have changed the result of the trial. See United States v. Bagley, 473 U.S. 667, 682 (1985). Linder has similarly failed to establish any reason to believe that the Government's alleged failure to preserve this evidence was motivated by bad faith. See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).
 
 
 6
 Linder's conviction is, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.